















LMH    3/7/05    15:31

3:05-CR-00199   USA V. BUCHANAN

*50*

*CRRESPM.*

ORIGINAL

1  CAROL C. LAM
   United States Attorney
2  CHRISTOPHER M. ALEXANDER
   Assistant U.S. Attorney
3  California Bar. No. 201352
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7425

6  Attorneys for Plaintiff
   United States of America
7

FILED

05 MAR -4  PM 3: 58

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )   Criminal Case No. 05CR0199-BEN
                                     )
11            Plaintiff,             )
                                     )   HEARING DATE:   March 11, 2005
12      v.                           )   TIME:           2:00 p.m.
                                     )
13  RICHARD CHARLES BUCHANAN (1),    )
      aka Cheeks, aka Jack,          )
14  NANCY SORIA (2),                 )   THE UNITED STATES' JOINT RESPONSE
      aka Flaca,                     )   AND OPPOSITION TO DEFENDANT'S
15  MONICA YANEZ (3),                )   MOTIONS TO:
      aka Mony,                      )   (1) COMPEL DISCOVERY / PRESERVE
16  FRANCISCO JAVIER GARCIA (4),     )   EVIDENCE; AND
      aka Beaver,                    )   (2) GRANT LEAVE TO FILE FURTHER
17  MARCOS DELAROSA RAMIREZ (5),     )   MOTIONS.
      aka Joker,                     )
18  JENNIFER COLABELLA (6),          )
      aka Jennifer Adams,            )
19  JASON ROBERT ESTAVILLO (7),      )   TOGETHER WITH STATEMENT OF
    ALEXANDER LOZANO (8),            )   FACTS AND MEMORANDUM OF POINTS
20    aka Chuco,                     )   AND AUTHORITIES AND UNITED
    GABRIEL MARTINEZ (9),            )   STATES' MOTION FOR RECIPROCAL
21    aka Scooby, aka Wan Gan,       )   DISCOVERY.
    MARTIN VENEGAS (10),             )
22  GUSTAVO VARGAS (11),             )
      aka Tavo,                      )
23                                   )
              Defendants.            )
24  _____)

25

26

27

28  

1    COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

2  CAROL C. LAM, United States Attorney, and Christopher M. Alexander, Assistant United States

3  Attorney, and hereby files its Response and Opposition to Defendant's above-referenced motions. This

4  Response and Opposition is based upon the files and records of the case together with the attached

5  statement of facts and memorandum of points and authorities. The United States also hereby moves for

6  reciprocal discovery.

7                                            I

8                              **STATEMENT OF THE CASE**

9    On February 9, 2005, a federal grand jury in the Southern District of California returned an

10  Indictment charging the above named Defendants ("Defendants") with conspiracy to distribute

11  methamphetamine, distribution of methamphetamine, and unlawful possession of firearms in violation

12  of Title 21 and 18 of the United States Code. All Defendants, except for Marcos Delarosa Ramirez (5),

13  aka Joker ("Ramirez"), have been arraigned on the Indictment and entered not guilty pleas. Ramirez will

14  likely be arraigned March 10, 2005. The Court set a motion hearing or status date for March 11, 2005

15  for many Defendants. Motions to compel discovery and for leave to file further motions were filed by

16  the following: Nancy Soria (2), aka Flaca ("Soria"), on February 25, 2005; and Gabriel Martinez (9), aka

17  Scooby, aka Wan Gan ("Martinez"), on February 17, 2005.[1]

18                                           II

19                              **STATEMENT OF FACTS**

20    In March of 2003, the San Diego Violent Crimes Task Force, Gang Group ("Task Force"), a

21  multi-agency task force led by the Federal Bureau of Investigation ("FBI"), began developing a

22  Cooperating Witness ("CW") who was in a position to purchase narcotics and weapons from Mexican

23  Mafia members and their associates. From July of 2003 to November of 2004, the CW has made a series

24  of methamphetamine purchases from 15 individuals. During the same time period, the CW also

25  purchased seven weapons from 2 individuals. Most of these purchases included a recorded set-up call

26

27

28    [1]    Martinez amended his motion filed on February 10, 2005 by removing his challenge to
the grand jury instructions. If the parties are unable to reach a resolution, the United States will not
oppose the filing of this motion at a later time.

1   with the CW, a body wire recording of the transaction with the CW, and surveillance of the CW arriving

2   at and leaving the predetermined location.

3        From August 13, 2004 to November 22, 2004, the Task Force conducted electronic surveillance

4   of members and associates of the Mexican Mafia.  During this period, the Task Force recorded

5   conversations related to narcotics and weapons purchases.  The recorded conversations included set-up

6   calls with the CW and calls between various Defendants facilitating the CW's purchases.

7   **III**

8   **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

9        The United States has and will continue to fully comply with its discovery obligations under

10   Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (19 U.S.C. § 3500), and Rule 16 of the Federal

11   Rules of Criminal Procedure.  The United States has already made available, subject to a protective

12   order, over 1125 pages of discovery to defense counsel including conviction records, criminal history

13   reports, pleadings supporting the Court's order approving electronic surveillance, some investigative

14   reports, and some Defendant's statements.  The United States is continuing to produce discovery along

15   with summaries for easy reference by defense counsel.  Nevertheless, Defendant makes a series of

16   discovery requests.  The following is the United States' response to Defendant's various discovery

17   requests.

18        1.    Statements of Defendant

19        The United States has already produced some reports disclosing the substance of each

20   Defendant's oral and written statements.  The United States will continue to produce discovery related

21   to each Defendant's statements made in response to questions by agents.  Relevant oral statements of

22   each Defendant are included in some the reports already provided.  Agent rough notes, if any exist, will

23   be preserved, but they will not be produced as part of Rule 16 discovery.

24        A defendant is not entitled to rough notes because they are not "statements" within the meaning

25   of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions

26   and they have been approved or adopted by the witness.  United States v. Bobadilla-Lopez, 954 F.2d 519

27   (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v.

28   Alvarez, 86 F.3d 901, 906 (9th Cir. 1996); United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

2

1       2.   <u>Arrest Reports and Notes</u>

2          The United States has provided each Defendant with some arrest reports. As noted previously,

3   agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16

4   discovery. The United States is unaware of any dispatch tapes regarding each Defendant's apprehension.

5       3.   <u>Brady Material</u>

6          Again, the United States is well aware of and will continue to perform its duty under <u>Brady v.</u>

7   <u>Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976) to disclose exculpatory

8   evidence within its possession that is material to the issue of guilt or punishment. Defendant, however,

9   is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused,

10  or which pertains to the credibility of the United States' case. As stated in <u>United States v. Gardner</u>, 611

11  F.2d 770 (9th Cir. 1980), it must be noted that:

12            [T]he prosecution does not have a constitutional duty to disclose every bit of information
              that might affect the jury's decision; it need only disclose information favorable to the
13            defense that meets the appropriate standard of materiality. [Citation omitted.]

14  <u>Id.</u> at 774-775.

15         The United States will turn over evidence within its possession which could be used to properly

16  impeach a witness who has been called to testify.

17         Although the United States will provide conviction records, if any, which could be used to

18  impeach a witness, the United States is under no obligation to turn over the criminal records of all

19  witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1074

20  (1977). When disclosing such information, disclosure need only extend to witnesses the United States

21  intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United</u>

22  <u>States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

23         The United States objects to Soria's request for evidence unrelated to this federal prosecution

24  including evidence related to Soria and Richard Buchanan's state prosecution.

25         Finally, the United States will continue to comply with its obligations pursuant to <u>United States</u>

26  <u>v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

27

28

1      4.   Defendant's Prior Record

2      The United States has already provided Defendant with a copy of his criminal record in

3  accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

4      5.   Proposed 404(b) Evidence

5      Should the United States seek to introduce any similar act evidence pursuant to Federal Rules

6  of Evidence 404(b) or 609, the United States will provide Defendant with notice of its proposed use of

7  such evidence and information about such bad act at the time the United States' trial memorandum is

8  filed. However, to avoid any arguments concerning lack of notice, the United States intends to introduce

9  each Defendant's prior felony drug convictions as evidence of knowledge and modus operandi.

10  Moreover, each Defendant's prior felony convictions will be introduced to impeach him or her should

11  he or she testify.

12      6.   TECS Reports

13      Defendant requests TECS reports. The United States objects to this request. See response to 2

14  and 3.

15      7.   Evidence Seized

16      The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing each

17  Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which

18  is within the possession, custody or control of the United States, and which is material to the preparation

19  of each Defendant's defense or are intended for use by the United States as evidence in chief at trial, or

20  were obtained from or belong to each Defendant, including photographs.

21      The United States, however, need not produce rebuttal evidence in advance of trial.

22  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

23      8.   Preservation of Evidence

24      The United States will preserve all evidence to which each Defendant is entitled to pursuant to

25  the relevant discovery rules. However, the United States objects to any blanket request to preserve all

26  physical evidence.

27      The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing each

28  Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which

1  is within his possession, custody or control of the United States, and which is material to the preparation

2  of each Defendant's defense or are intended for use by the United States as evidence in chief at trial, or

3  were obtained from or belong to each Defendant, including photographs.  The United States has made

4  the evidence available to each Defendant and each Defendant's investigators and will comply with any

5  request for inspection.

6       Again, the United States will continue to comply with its obligations pursuant to United States

7  v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

8       9.    Tangible Objects

9       Again, the United States is well aware of and will fully perform its duty under Brady v.

10  Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory

11  evidence within its possession that is material to the issue of guilt or punishment.  Defendant, however,

12  is not entitled to all documents known or believed to exist, which is, or may be, favorable to the accused,

13  or which pertains to the credibility of the United States' case.

14       The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing each

15  Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which

16  is within his possession, custody or control of the United States, and which is material to the preparation

17  of each Defendant's defense or are intended for use by the United States as evidence in chief at trial, or

18  were obtained from or belong to each Defendant, including photographs.

19       The United States, however, need not produce rebuttal evidence in advance of trial.

20  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

21       Finally, the United States has already and will continue to turn over documents that could be

22  considered material under Brady.  Evidence is material under Brady only if there is a reasonable

23  probability that had it been disclosed to the defense, the result of the proceeding would have been

24  different. United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).  However, Defendant has not

25  shown how his A-File is material.  Thus, Defendant's A-File need not be disclosed.

26       10.    Evidence of Criminal Investigation

27       As stated previously, the United States will turn over evidence within its possession which could

28  be used to properly impeach a witness who has been called to testify.

5                                                        05CR0199-BEN

1    Although the United States will provide conviction records, if any, which could be used to

2  impeach a witness, the United States is under no obligation to turn over the criminal records of all

3  witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1074

4  (1977). When disclosing such information, disclosure need only extend to witnesses the United States

5  intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983);

6  <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

7        11.    <u>Jencks Act Material</u>

8    As stated previously, the United States will comply with its obligations pursuant to <u>Brady v.</u>

9  <u>Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and the Jencks

10  Act.

11        12.    <u>Personnel Records</u>

12    The United States objects to this request. Defendant has not shown how any personnel records

13  of the arresting officers are relevant to this case. Defense counsel has no constitutional right to conduct

14  a search of agency files to argue relevance. <u>See</u> <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59-60 (1987)

15  (citing <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to

16  discovery in a criminal case, and <u>Brady</u> did not create one")). Thus, the United States will review these

17  records for impeachment information, but will not provide these records as Rule 16 discovery.

18    To support his request, Defendant cites <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974).

19  In <u>Pitchess</u>, the California Supreme Court was addressing California Evidence Codes which permit the

20  disclosure of public entity personnel records provided that certain requirements are followed.[2]  <u>Id.</u>

21  However, no such code exists under the Federal Rules of Evidence.

22

23

_____

24    [2]    Under California Evidence Code § 1040, a public entity has an absolute privilege against
disclosure of official information. However, under section 1043 disclosure may be sought by a written

25  motion to the court after providing written notice to the public entity which has custody of the records
sought, supported by an affidavit showing good cause for discovery including materiality to the subject

26  matter involved in the pending litigation. Once good cause for discovery is established, section 1045
requires the court to examine the information <u>in camera</u> to determine relevance to the case; as part of

27  this <u>in camera</u> process, the court must exclude from disclosure certain categories of information,
including complaints more than five years old, the conclusions of any officer investigating a complaint,

28  and facts are so remote as to make disclosure of little or no practical benefit. Section 1045 also
establishes general criteria to guide the court's determination and insure the privacy interests of the
officers subject to the motion are protected.

13.   <u>Expert Summaries</u>

The United States will comply with its obligations pursuant to Rule 16.  At trial, the United States intends to offer testimony of a chemist to testify that the substance seized was methamphetamine, and a drug value expert to show Defendant's knowledge of the methamphetamine distributed and that greater than 50 grams of methamphetamine is a distributable quantity.  The United States will provide a summary, and the name and qualifications of the experts when they are available. Next, at trial, the United States may also offer testimony of a firearms expert to identify the weapons sold by Ramirez and Francisco Garcia, aka Beaver, and seized from various other Defendants when they were arrested.  The United States will provide the qualifications of the expert and a summary of his or her report when it is available.  Moreover, at trial, the United States may also offer testimony of an expert on gang activities. The United States will provide the qualifications of the expert and a summary of his or her report when it is available.  Finally, at trial, the United States may also offer testimony of a fingerprint expert to identify each Defendant. The United States will provide the qualifications of the expert and a summary of his or her report when it is available.

14.   <u>DEA 7 Form</u>

Defendant requests the DEA 7 Form which is a written report and summary of an expert. Most of the DEA 7 Forms have already been produced.  See response to 13.

15.   <u>Reports of Scientific Tests or Examinations</u>

Defendant requests the DEA 7 Form which is a written report and summary of an expert.  Most of the DEA 7 Forms have already been produced.  See response to 13.

16.   <u>Witness Addresses</u>

The United States will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the United States' trial memorandum is filed, although delivery of such a list is not required.  <u>See</u> <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to the production of addresses or phone numbers of possible witnesses of the United States.  <u>See</u> <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974). Defendant has already

1   received access to the names of potential witnesses in this case in the investigative reports previously

2   provided to him.

3        17.   Henthorn Material

4        The United States will review the personnel files of all <u>federal</u> law enforcement individuals who

5   will be called as witnesses in this case for <u>Brady</u> material.  Pursuant to <u>United States v. Henthorn</u>, 931

6   F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States

7   agrees to "disclose information favorable to the defense that meets the appropriate standard of

8   materiality . . ." <u>United States v. Cadet</u>, 727 F.2d at 1467, 1468.  Further, if counsel for the United States

9   is uncertain about the materiality of the information within its possession in such personnel files, the

10  information will be submitted to the Court for <u>in camera</u> inspection and review.

11       18.   Giglio Information

12       As stated previously, the United States will comply with its obligations pursuant to <u>Brady v.</u>

13  <u>Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991),

14  and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

15       19.   Bias or Motive to Lie

16       The United States is unaware of any evidence indicating that a prospective witness is biased or

17  prejudiced against any Defendant.  The United States is also unaware of any evidence that prospective

18  witnesses have a motive to falsify or distort testimony.

19       20.   Evidence Affecting Perception

20       The United States is unaware of any evidence indicating that a prospective witness has a

21  perception, recollection, communication, or truth telling problem.

22       21.   Witnesses and Statements Favorable to Defendant

23       The United States is not aware of any witness who made a favorable statement concerning any

24  Defendant.

25       22.   Informants and Cooperating Witnesses

26       In <u>Roviaro v. United States</u>, 353 U.S. 52 (1957), the United States Supreme Court held that

27  disclosure of an informer's identity is required only where disclosure would be relevant to the defense

28

or is essential to a fair determination of a cause. Id. at 60-61. Moreover, in <u>United States v. Jones</u>, 612 F.2d 453 (9th Cir. 1979), the Ninth Circuit held:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Id. at 454. As such, the United States is not obligated to make such a disclosure, if there is in fact anything to disclosure, at this point in the case.

That being said, the United States is unaware of the existence of an informant in this case. However, as previously stated, the United States will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the United States' trial memorandum is filed, although delivery of such a list is not required. <u>See United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible witnesses of the United States. <u>See United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974). Defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

23.    <u>Residual Requests</u>

The United States objects to this request. The United States has and will continue to comply with its discovery obligations.

## IV

## DEFENDANT'S MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Each Defendant's motion for leave to file further motions should be granted as discovery is not yet complete.

//
//
//
//

9

# V

## THE UNITED STATES' MOTION FOR
## RECIPROCAL DISCOVERY SHOULD BE GRANTED

### A.   Rule 16(b)

The United States has provided discovery to each Defendant and has received no reciprocal discovery. The United States, pursuant to Federal Rule of Criminal Procedure 16, hereby requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with Defendant's request for delivery of reports of examinations, the United State is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. Furthermore, counsel for Defendant has previously agreed to comply with Defendant's reciprocal discovery obligations under Rule 16 by signing a written acknowledgment. The United States also requests that the Court make such order as it deems necessary under Rule 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### B.   Rule 26.2

Rule 26.2 requires the production of prior statements of all witnesses, except a statement made by the defendant. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, recordings, handwritten or typed notes and/or reports.

1

## VI

## CONCLUSION

For the foregoing reasons, the United States asks that the Court deny Defendant's motions, except where unopposed, and allow further motions as discovery is completed.  Further, the United States requests that the Court grant its motions for reciprocal discovery.

DATED: March 4, 2005

Respectfully submitted,

CAROL C. LAM
United States Attorney

CHRISTOPHER M. ALEXANDER
Assistant U.S. Attorney

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 05CR0199-BEN |
| Plaintiff, | ) | |
| v. | ) | |
| RICHARD CHARLES BUCHANAN (1),<br>  aka Cheeks, aka Jack,<br>NANCY SORIA (2),<br>  aka Flaca,<br>MONICA YANEZ (3),<br>  aka Mony,<br>FRANCISCO JAVIER GARCIA (4),<br>  aka Beaver,<br>MARCOS DELAROSA RAMIREZ (5),<br>  aka Joker,<br>JENNIFER COLABELLA (6),<br>  aka Jennifer Adams,<br>JASON ROBERT ESTAVILLO (7),<br>ALEXANDER LOZANO (8),<br>  aka Chuco,<br>GABRIEL MARTINEZ (9),<br>  aka Scooby, aka Wan Gan,<br>MARTIN VENEGAS (10),<br>GUSTAVO VARGAS (11),<br>  aka Tavo, | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED that:

I, Julie McPherson, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action, I deposited in the United States mail at San Diego, California, in an envelope bearing the requisite postage, a copy of

**THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**

**(1) COMPEL DISCOVERY/PRESERVE EVIDENCE; AND (2) GRANT LEAVE TO FILE**

1  FURTHER MOTIONS, TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF

2  POINTS AND AUTHORITIES.

3  To:

4      **Kurt Hermansen**                          **Martha Hall**
       **Federal Defenders of San Diego, Inc.**    **DiOrio & Hall, APC**
5      **225 Broadway, Suite 900**                 **964 Fifth Avenue, Suite 214**
       **San Diego, California 92101**             **San Diego, California 92101**

6

7  the last known address, at which place there is delivery service of mail from the United States Postal

8  Service.  I declare under penalty of perjury that the foregoing is true and correct.

9      Executed on March 4, 2005

10                                                  _Julie McPherson_
                                                    Julie McPherson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28